**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

JAMES MAULKMUS McMILLAN
f/d/b/a J. McMILLAN AND COMPANY
CAROL ANN McMILLAN

                Debtors

BUFFALO CONSTRUCTION, INC.

                Plaintiff

             v.

JAMES MAULKMUS McMILLAN
f/d/b/a J. McMILLAN AND COMPANY
CAROL ANN McMILLAN

                Defendants

Case No.  09-30986

Adv. Proc. No.  09-3073

**MEMORANDUM ON MOTION TO DISMISS AND
MOTION OF PLAINTIFF FOR AN EXTENSION OF TIME
TO EFFECTUATE SERVICE**

**APPEARANCES:**    THE HURLEY LAW FIRM, P.C.
                            D. Scott Hurley, Esq.
                            Post Office Box 682
                            Knoxville, Tennessee  37901
                            Attorneys for Plaintiff

                           LAW OFFICES OF MAYER & NEWTON
                            John P. Newton, Jr., Esq.
                            1111 Northshore Drive
                            Suite S-570
                            Knoxville, Tennessee  37919
                            Attorneys for Defendants

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

The Complaint to Determine Dischargeability of a Debt/Exception to Discharge was filed by the Plaintiff on June 2, 2009, and amended on June 3, 2009, by the filing of the First Amended Complaint to Determine Dischargeability of a Debt/Exception to Discharge (Complaint), seeking a determination that its claim against the Defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4), and/or (a)(6) (2006).

Presently before the court are the Motion to Dismiss filed on December 3, 2009, by the Defendants and the Motion of Plaintiff For an Extension of Time to Effectuate Service (Motion For Extension of Time) filed by the Plaintiff on December 21, 2009. As required by E.D. Tenn. LBR 7007-1(a), each motion is supported by a brief, and the Plaintiff's Response & Brief in Opposition to Defendants' Motion to Dismiss (Response to Motion to Dismiss) was filed on December 21, 2009, while the Response to Motion of the Plaintiff For an Extension of Time to Effectuate Service (Response to Motion For Extension of Time) was filed by the Defendants on December 31, 2009. Additionally, the Plaintiff's documents are supported by the Affidavit of Ryan N. Shamblin, Esquire, and the following exhibits attached to the Response to Motion to Dismiss: (1) an email dated September 25, 2009, from Ryan Shamblin to John Newton; (2) a letter dated August 30, 2009,[1] from Ryan N. Shamblin to Richard M. Mayer and John P. Newton; (3) a letter dated October 26, 2009, from Ryan N. Shamblin to Richard M. Mayer and John P. Newton; (4) a letter dated October 29, 2009, from John P. Newton to Ryan N. Shamblin; (5) a letter dated November 4, 2009, from Ryan N. Shamblin to John P. Newton.

---

[1] The Plaintiff states that this letter is mistakenly dated August 30, 2009, but the correct date was September 30, 2009.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

**I**

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on February 26, 2009, and the deadline for filing complaints for a determination of dischargeability was June 2, 2009, on which date the Plaintiff timely filed its Complaint, which it amended on June 3, 2009. A Summons was issued on June 3, 2009, and, on June 4, 2009, the Plaintiff filed a Certificate of Service return evidencing service upon the Defendants via regular first class mail in accordance with Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure. The Complaint and Summons were not, however, served on the Defendants' attorneys as required by Rule 7004(g) of the Federal Rules of Bankruptcy Procedure. Following a number of communication attempts, the Plaintiff's counsel forwarded the Complaint and Summons issued on June 4, 2009, to the Defendants' attorneys on September 30, 2009, via United States Mail. Thereafter, on October 7, 2009, the Plaintiff filed an Application for Entry of Default, certifying that the Complaint and Summons were served on the Defendants via regular, first class United States Mail and that notice was provided to the Defendants' attorneys via electronic mail on June 3, 2009. The Defendants appeared specially to contest the request for entry of default, which was denied by the court on October 13, 2009, for insufficient service of process.

On November 2, 2009, an Alias Summons was issued and the Certificate of Service, evidencing service of the Summons and Complaint process upon the Defendants and their attorneys in the required manner, was filed on November 4, 2009. The Defendants then filed their Motion to

3

Dismiss on December 3, 2009, arguing that the Plaintiff failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure because the Complaint and Alias Summons were not served within 120 days after the commencement of the adversary proceeding.

The Plaintiff filed its Response to Motion to Dismiss on December 21, 2009, arguing that the Defendants' attorneys had actual knowledge of the lawsuit because they received electronic notice thereof when it was filed in June 2009, and that service of process pursuant to Rule 7004 was achieved on September 30, 2009, when it mailed the Complaint and Summons to the Defendants' attorneys. In the alternative, and in its Motion For Extension of Time, the Plaintiff argues that its failure to effectuate service within 120 days was due to excusable neglect and asks the court to exercise its discretion and extend the time in which it may comply with Rule 4(m) to include service of process of the Complaint and Alias Summons on November 4, 2009. The Defendants filed their Response to Motion For Extension of Time on December 31, 2009, asking the court to deny the motion on the grounds that noncompliance with the Federal Rules of Civil Procedure does not constitute excusable neglect under Rule 9006 of the Federal Rules of Bankruptcy Procedure. Additionally, the Defendants argue that on or about October 29, 2009, their attorneys advised the Plaintiff's counsel that they had not been properly served, but the Motion For Extension of Time was not filed until approximately fifty-four days later.

## II

Pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure, which governs service of process in adversary proceedings, service requires the service of both a summons and the

complaint upon a defendant. *See* FED. R. BANKR. P. 7004(a)(1) (stating that Federal Rule of Civil Procedure 4(c)(1) applies in adversary proceedings). Rule 7004(b) allows for service of process through United States Mail, first class, postage prepaid upon a debtor "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." FED. R. BANKR. P. 7004(b)(9). Additionally, "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) [of the Federal Rules of Civil Procedure]." FED. R. BANKR. P. 7004(g). Although Rule 5(b) authorizes service of process via electronic means, it is under the condition that "the person consented in writing[.]" FED. R. CIV. P. 5(b)(2)(E). More importantly, the Administrative Procedures for Electronic Case Filing for the Eastern District of Tennessee expressly provide that "[r]egistration as a Registered User constitutes . . . waiver of the right to service by personal service or first-class mail and consent to electronic service, *except* with regard to service of a summons and complaint under Fed. R. Bankr. P. 7004[.]" E.D. TENN. ADMIN. PROCS. at ¶ II.C.2 (emphasis added).

It is clear that these Rules "unambiguously provide[] that service of process upon a debtor is not sufficient unless both the debtor and his attorney are served with the summons and a copy of the complaint . . . [and a]nything short of strict compliance . . . is insufficient," *Dreier v. Love (In re Love)*, 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999), as "the requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). As such, there is no question that the Plaintiff failed to properly serve the Defendants on June 3, 2009, because it

did not also serve the Defendants' attorneys with the Complaint and Summons in compliance with Rule 7004.

Furthermore, the Plaintiff did not cure the insufficient service by serving the Complaint and Summons on September 30, 2009, because the Summons issued on June 3, 2009, had expired. *See* Fed. R. Bankr. P. 7004(e), as in effect prior to December 1, 2009 ("If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days[2] after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served."). Although the Defendants' attorneys may have received electronic notice of the June 3, 2009 filings, actual knowledge of the adversary proceeding is not a substitution for service of process, nor does it cure the "technically defective service of process" effectuated by the Plaintiff. *See Friedman*, 929 F.2d at 1156. Accordingly, only the issuance and service of an Alias Summons along with the Complaint upon the Defendants and their attorneys, as the Plaintiff accomplished on November 4, 2009, would be sufficient to cure the defective service.

As argued by the Defendants, the Plaintiff did not accomplish service in compliance with Rule 4 of the Federal Rules of Civil Procedure, which states, in material part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion . . . – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "The first clause of this Rule indicates that a district court shall either (1) dismiss a complaint without prejudice, or (2) direct that service be effected within a specified time,

---

[2] Effective December 1, 2009, the 10-day period was extended to 14 days.

if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint[.]" *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 406 (S.D. Ohio 2003). The court has equal discretion to dismiss or extend time unless good cause for the delay is established by the plaintiff, in which case, the court is required to grant the extension. *See Little v. Nationwide Children's Hosp., Inc.*, 2009 WL 4261215, at *1, 2009 U.S. Dist. LEXIS 109991, at *3-4 (S.D. Ohio Nov. 25, 2009). Although the Plaintiff bears the burden of establishing good cause for its failure to effectuate service upon the Defendants within the 120-day time period, whether good cause exists is left to the court's discretion. *Williams v. Smith*, 1999 WL 777654, at *1, 1999 U.S. App. LEXIS 23202, at *3-4 (6th Cir. Sept. 17, 1999). When making a determination whether good cause exists, the court should consider "whether the plaintiff made a reasonable and diligent effort to effect service." *Russell v. Goins (In re Goins)*, No. 05-5055, 2006 Bankr. LEXIS 1581, at *13, 2006 WL 2089922, at *2 (Bankr. E.D. Tenn. July 6, 2006). However, "[m]istake of counsel or ignorance of the rules is not enough to establish good cause." *Massey v. Hess*, 2006 WL 2370205, at *4, U.S. Dist. LEXIS 57963, at *12 (E.D. Tenn. Aug. 14, 2006). Likewise, actual knowledge of a lawsuit does not cure defective service of process. *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

The Plaintiff's counsel has acknowledged that, with respect to his failure to effectuate service in June 2009, he "received confirmation that counsel of record had been automatically sent electronic notice of [the adversary proceeding and] mistakenly believing that proper service had occurred, took no additional steps to serve Defendant's counsel with the aforementioned pleadings until after various attempts to make contact with Defendants' counsel failed." MOT. FOR EXTENSION OF TIME

at 2, ¶ 2; *see also* RESP. TO MOT. TO DISMISS EX. 2. Additionally, the Plaintiff's counsel mistakenly contended, in Mr. Shamblin's letter of October 26, 2009, to Mr. Mayer and Mr. Newton, in the Response to Motion to Dismiss, and again, in the Motion For Extension of Time, that the attempted service of the Complaint and expired Summons on September 30, 2009, cured the defective service under Rule 7004(g). The Plaintiff "must be held accountable for the acts and omissions of [its] attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 113 S. Ct. 1489, 1499 (1993). Accordingly, the court cannot find that the Plaintiff has established good cause for its failure to properly serve the Defendants' attorneys when the sole reason for the delay in service falls upon its counsel's ignorance of the Federal Rules of Bankruptcy Procedure and the Administrative Procedures of the court.

Nevertheless, under Rule 4(m), "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Osborne*, 217 F.R.D. at 406-07 (quoting *Henderson v. United States*, 116 S. Ct. 1638, 1643 (1996) (citing Advisory Committee's notes on FED. R. CIV. P. 4)); *accord Massey v. Hess*, 2006 U.S. Dist. LEXIS 57963, at *11-12, 2006 WL 2370205, at *3 ("One part of Rule 4(m) gives [courts] discretion to enlarge the 120-day period for good cause shown and even when good cause has not been shown."); *Lopez v. Donaldson (In re Lopez),* 292 B.R. 570, 575-76 (E.D. Mich. 2003) ("[W]hen an applicant for an extension of the 120-day limit for service of a summons and complaint fails to demonstrate good cause, Rule 4(m) nonetheless allows the court to exercise its discretion and grant an extension in appropriate cases.").

In order to determine whether this dismissal or extension of time is appropriate, the following factors may be considered:

8

> (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would [its] lawsuit be time-barred; and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Rojek v. Catholic Charities, Inc.*, 2009 WL 3834013, at *7, 2009 U.S. Dist. LEXIS 106452, at *20 (E.D. Mich. Nov. 16, 2009) (quoting *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001)). Nevertheless, when possible, it is always preferable for a case to be decided on its merits rather than on procedure. *See e.g., Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) ("[G]ranting Plaintiff an extension of time to re-serve the summons and complaint in this particular circumstance would be in keeping with the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds.").

Based upon the facts of this case and the fact that each one of the foregoing factors weighs in favor of the Plaintiff, the court will exercise its discretion and grant its Motion For Extension of Time to validate the service associated with the issuance of the Alias Summons on November 2, 2009. First, the Plaintiff does not seek a substantial extension of time. Service of process under Rule 7004 was effectuated on November 4, 2009, which was only thirty-five days beyond September 30, 2009, the day the 120-day period expired. Additionally, there is no question that the Defendants, who were served with the adversary proceeding in June 2009, and again on November 4, 2009, and their attorneys, who received electronic notice of the adversary proceeding in June 2009, and correspondences from the Plaintiff's attorneys in September 2009, had actual knowledge of the adversary proceeding and have sought to dismiss it.

Further, the Defendants do not face any prejudice by granting the extension other than having to defend the adversary proceeding. There is no uncertainty as to the relief requested by the Plaintiff, nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and/or (a)(6), which is sufficiently set forth in the Complaint, nor have the Defendants evidenced that they will face any prejudice if the extension of time is granted. On the other hand, dismissal would, in essence, be with prejudice since the deadline for filing complaints to determine dischargeability expired on June 2, 2009, and, under Rule 4007 of the Federal Rules of Bankruptcy Procedure, the Plaintiff would be barred from refiling. Finally, although the Plaintiff's attorneys' mistakes concerning service of process under Rule 7004 do not rise to the level of good cause under Rule 4(m), there is no indication that they did not proceed in good faith, and, in fact, their repeated attempts to contact the Defendants' attorneys prior to filing an Application for Entry of Default evidence their good faith in attempting to comply with the Rules.[3]

Accordingly, the Defendant's Motion to Dismiss shall be denied, and the Plaintiff's Motion for Extension of Time shall be granted. An order consistent with this Memorandum will be entered.

---

[3] In the Motion For Extension of Time, the Plaintiff sought relief under Rule 9006 of the Federal Rules of Bankruptcy Procedure, which provides, in material part, that ". . . when an act is required or allowed to be done or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . permit the act to be done where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1). However, since the court has exercised its discretion under Rule 4(m), it is not necessary to address arguments pertaining to excusable neglect.

FILED: January 13, 2010

                                                                                      BY THE COURT

                                                                                     */s/  RICHARD STAIR, JR.*

                                                                                     RICHARD STAIR, JR.
                                                                                     UNITED STATES BANKRUPTCY JUDGE